Joseph C. Galanes (Pro Hac Vice to be Filed)
Galanes Law
P.O. Box 880
Norwich, VT  05055
Telephone: (802) 698-8356
Email: joseph.galanes@gmail.com

Robert G. Wing (4445)
Ray, Quinney & Nebeker
P.O. Box 45385
Salt Lake City, UT 84145-0385
Telephone: 801-532-1500
Email: rwing@rqn.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH CENTRAL DIVISION

| | | |
|---|---|---|
| REBECCA KINKEAD ARTIST, LLC | ) | CIVIL ACTION |
| Plaintiff | ) | |
| | ) | COMPLAINT |
| v. | ) | |
| | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| STEVE TRACY and TRACI PROTHRO | ) | |
| Defendants | ) | |

PLAINTIFF'S COMPLAINT

NOW COMES the Plaintiff by and through its attorney Robert G. Wing of the firm Ray, Quinney & Nebeker and for its Complaint states as follows:

JURISDICTION AND VENUE

1.	This is an action involving claims of copyright infringement under the Copyright Act, 17 U.S.C. § § 101 et. seq., 28 U.S.C. § § 1331 and 1338(a).

1

2.     This Court has personal jurisdiction over Defendants Steve Tracy and Traci Prothro based on their significant contacts in the District of Utah arising from their infringement in Utah of the copyright rights protected by United States law and their other contacts within the Utah District.

3.     Venue in this judicial district is proper under 28 U.S.C. §1391(b) and/or 28 U.S.C. §1400(a).

THE PARTIES

4.     Plaintiff Rebecca Kinkead Artist, LLC is a limited liability company registered in the State of Vermont.

5.     Defendant Steve Tracy is a resident of London, Province of Ontario, Canada.

6.     Defendant Traci Prothro is upon information and belief a resident of Park City, Utah.

FACTUAL ALLEGATIONS

7.     This is an action arising under the Copyright Act, 17 U.S.C. §§ 101 et. seq. for knowing and intentional infringement of Plaintiff's copyrighted works; namely copies of Plaintiff's painting entitled "Marshmallow."  A digital image of Marshmallow is attached hereto as Exhibit 1.

8.     Plaintiff created "Marshmallow" in the spring of 2014.  The painting was shipped to a gallery in Park City, Utah.

9.     "Marshmallow" was on display in the gallery and a digital image of the painting was used by the gallery owner in advertisements for the gallery in print media.

10. Upon information and believe Defendant Prothro observed "Marshmallow" and inquired about the painting with the gallery owner but was advised the painting had already been sold.

11. Upon information and belief, Defendant Prothro either directly or through an unknown intermediary contacted an artist, Defendant Steve Tracy.  Defendant Prothro provided Defendant Tracy a digital copy of "Marshmallow" and asked Defendant Tracy to produce a substantially similar copy of "Marshmallow."

12. Defendant agreed to produce a substantially similar copy of "Marshmallow." in exchange for a commission fee.

13. Defendant Tracy produced a substantially similar copy of "Marshmallow" he titled "Summer Bliss" and he shipped the painting to Defendant Prothro in Utah.  A digital image of "Summer Bliss" is attached hereto as Exhibit 2.

14. Upon information and belief, Defendant Prothro sold or otherwise transferred possession of "Summer Bliss" to an unknown third party.

15. In addition to "Summer Bliss", Defendant Tracy produced a second copy of "Marshmallow" that he titled "My Favourite Summer."  A digital copy of "My Favourite Summer" is attached hereto as Exhibit 3.

16. Defendant Tracy has offered to sell "My Favourite Summer" in exchange for payment of money.

FIRST CAUSE OF ACTION

COPYRIGHT INFRINGEMENT

17. Plaintiff realleges each and every allegation set forth above, and incorporates them herein by reference.

18. "Marshmallow" contains a substantial amount of wholly original expression and is copyrightable subject matter under the laws of the United States.

19. Plaintiff is the sole proprietor of all right, title, and interest to "Marshmallow". Plaintiff has registered a copyright for "Marshmallow" in the United States Copyright Office. A true and correct copy of the copyright registration for "Marshmallow" is attached hereto as Exhibit 4.

20. By replicating and selling and/or offering for sale two copies of "Marshmallow", Defendant Tracy infringed and will continue to infringe Plaintiff's exclusive rights in and to "Marshmallow."

21. Defendant Tracy knowingly and willfully copied, reproduced, sold and publicly displayed copies of "Marshmallow" and or otherwise infringed upon Plaintiff's exclusive rights in "Marshmallow" for the specific purpose of infringing Plaintiff's rights in and to the copyright in "Marshmallow" for his own benefit and pecuniary interest and to the detriment of Plaintiff. By copying, reproducing, and displaying the paintings Defendant Tracy infringed Plaintiff's exclusive rights in and to the copyrights in "Marshmallow".

22. Pursuant to 17 U.S.C. § 504, Plaintiff seeks to recover actual damages suffered by Plaintiff as the result of Defendants' infringement and any and all profits of Defendant Tracy that are attributable to the infringement and are not taken into account in computing actual damages.

23. The conduct of Defendant Tracy is causing and unless enjoined and restrained by this Court will continue to cause Plaintiff great and irreparable harm. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of "Marshmallow" made in violation of Plaintiff's exclusive rights to the copyright.

SECOND CAUSE OF ACTION

CONTRIBUTORY COPYRIGHT INFRINGMENT

24. Plaintiff realleges each and every allegation set forth above, and incorporates them herein by reference.

25. Upon information and belief Defendant Prothro knowingly contributed to the unauthorized reproduction and sale of the copy known as "Summer Bliss". Defendant Prothro induced, caused and materially contributed to Defendant Tracy's infringing conduct.

26. The participation in or otherwise knowing contribution by Defendant Prothro to the unauthorized copying and display of "Marshmallow" is in violation of 17 U.S.C. §§ 106(1) and 106(3).

27. Defendants' reproduction and display of copies of "Marshmallow" is without any permission, license, or authorization from Plaintiff.

28. Plaintiff has no adequate remedy at law and has suffered, and is continuing to suffer irreparable harm and damage as a result of the aforesaid acts of contributory copyright infringement. Defendants are each liable in amounts within the jurisdiction of this Court.

29. Upon information and belief Plaintiff alleges that the Defendant Prothro's contributory copyright infringement was with the knowledge that "Marshmallow" was copyrighted, and that Defendants and each of them in doing the acts complained of herein, have willfully infringed Plaintiff's rights under the Copyright Law of the United States, 17 U.S.C. §§ 101 et. seq.

30. Defendants have each obtained gains, profits and advantages as a result of their respective wrongful acts in amounts within the jurisdiction of this Court.

31. Plaintiff has suffered and continues to suffer direct and actual damages as a result of Defendants wrongful conduct as alleged herein in amounts within the jurisdiction of this Court.

32. The foregoing acts of contributory infringement have been willful, intentional and disregard of and with indifference to the rights of Plaintiff.

33. As a result of each Defendant Prothro's contributory infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504.

34. The conduct of each Defendant is causing and unless enjoined and restrained by this Court will continue to cause Plaintiff great and irreparable harm.  Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further contributing to infringing Plaintiff's copyright and ordering that each Defendant destroy all copies of "Marshmallow" made in violation of Plaintiff's exclusive rights to the copyright.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rebecca Kinkead, Artist, LLC prays for judgment against Defendants and each of them as follow:

1. For actual damages resulting from Defendants copyright infringement pursuant to 17 U.S.C. § 504;

2. For any and all profits of Defendants that are attributable to the infringement and are not taken into account in computing actual damages pursuant to 17 U.S.C. § 504;

3. For entry of preliminary and permanent injunctions providing that each Defendant shall be enjoined from directly or indirectly infringing Plaintiff's right in the painting "Marshmallow" and any painting, whether now in existence or later created, that is owned, licensed or controlled by Plaintiff except pursuant to lawful license or with the express authority of Plaintiff.  Each Defendant shall destroy all copies of "Marshmallow" including but not limited to "Summer Bliss" and "My Favourite Summer" or alternatively each Defendant shall deliver possession of such copies to Plaintiff and shall be enjoined from otherwise selling, distributing, giving or otherwise disposing of any unauthorized copies of "Marshmallow."

4. For interest as provided by law;

5. For such other relief against Defendants as the Court may deem just and proper; and

6. Award Plaintiff reasonable attorneys' fees.

Dated this 5th day of February, 2016 at Salt Lake City, Utah.

                    RAY QUINNEY & NEBEKER P.C.


                    */s/ Robert G. Wing*
                    Robert G. Wing
                    *Counsel for Rebecca Kinkead, Artist, LLC*

And

GALANES LAW


                    */s/ Joseph C. Galanes*
                    Joseph C. Galanes
                    *Counsel for Rebecca Kinkead, Artist, LLC*

DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial pursuant to F.R.Civ P. 38(b).